On Motion to Dismiss.
The opinion of the Court was delivered by
Poohé, J.
Defendant moves to dismiss this appeal, which was taken by the State from a judgment quashing an information presented against him, and relies upon the following grounds:
1. That the State has no right of appeal in criminal cases.
2. That no appeal bond has been given.
First. The information charges the accused with the crime of felonD ously severing produce from the soil of another, an offense punishable with hard labor or otherwise. Under the provisions of Art. 81 of the present Constitution, an appeal lies in such a case, without reference to the finding of the jury, or to the penalty actually imposed.
This proposition was sustained by us in the case of the State ex rel. Gabriel vs. Judge, 33 An. 1227, in which we gave the subject a very thorough investigation, and in which we were guided by decisions of this Court, rendered under the provisions of the Constitution of 1852, and in which we held that the provision of that Constitution, defining the criminal jurisdiction of this Court, was identical in meaning with the like provision in the present Constitution; and after a second examination of the matter, we conclude to adhere to our ruling in that case:
Counsel for the accused strenuously argues that the provision of the Constitution of 1852, which extended the jurisdiction of the Supremo Cour.t “to all criminal eases on questions of law alone, whenever the offense charged is punishable %oith death or imprisomnent at hard labor,” is not *979 identical in meaning with, and does not establish the same rule as the corresponding clause of the present Constitution, which extends the jurisdiction of this Court “ to criminal cases on questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted,” and he urges us to reconsider our conclusions in the case quoted, which is the first decision on that point under the present Constitution.
Feeling and recognizing our liability to err, and willing at all times to rectify any error which we may have committed, we have re-examined the point, and have given due consideration to the arguments of counsel in the premises, in which he labors to prove that the expression “ may be inflicted,” is equivalent to and synonymous with the words “ is inflicted,” or the words “ actually imposed,” which are the words used in the Constitution of 1868, and in construing which the Court, under that organic law, properly declined jurisdiction of criminal cases, in which no penalty had been actually imposed.
But we pause, and must refuse to adopt counsel’s logic or reasoning, which involves the subversion of well established rules of grammar, and imposes on the mind the painful task of making a distinction without a difference.
Reaffirming ohr previous conclusions, and holding that the accused, in this case, would have the undoubted right to an. appeal, without reference to the verdict which may have been found against him, or to the penalty which may have been inflicted on him, we are now to consider whether the State has not the same right.
We know of no law, jurisprudence, or rule of construction, and we have been referred to none, under which the State, as a party litigant, has not the same right of appeal with its opponent, in the same case.
No word or expression in Art. 81 of the present Constitution, can be construed so as to exclude such right, and under similar provisions in the Constitutions of 1845 and 1852, the' right of appeal of the State, limited to cases “where the indictment has been quashed before a trial, or held bad upon a demurrer, and when it purports to charge an offense punishable with death or imprisonment,” has been frequently recognized. State vs. H. B. Ellis, 12 An. 390; State vs. Ross, 14 An. 364; State vs. Henry, 10 An. 207; State vs. Cheevers, 7 An. 40.
The reason for tlxe restriction of the right of the State to appeal to cases in which the accused had not been tried on the merits under the charge, was dictated by the rule of the common law, incorporated in the Constitution of the United States, providing that no person shall be subject, for the same offense, to be put twice in jeopardy of life or limb.
*980 Holding that the present Constitution has re-established the rules of criminal jurisdiction which prevailed under the Constitutions of 1845 and 1852, we adopt the interpretation followed, and the restrictions placed in the decisions just quoted.
In his oral argument, counsel for defendant urged that the clause of Art. 81 of the. present Constitution, if held to confer the right of appeal in criminal cases to the State, was inoperative until the passage of an act of the legislature, directing the mode of appeal. The.same argument was made in the case of the State vs. Ross, 14 An. 364, in which the Court held that the right of appeal conferred by the Constitution, could not be defeated by legislative omission. The Same argument might apply to an appeal taken by the accused, and thus a sacred constitutional privilege could be destroyed by legislative inaction. The argument has less force in the present instance, in which we have a wise precedent.
Second. The objection resting on the failure of the State to furnish an appeal bond, can hardly be considered as serious.
By special legislation, all costs incurred in criminal prosecutions are to be paid by the respective parishes in which the offense ‘charged may have been committed. R. S. Sec. 1042. Hence, it would be a more than idle ceremony to exact of the State security for costs which are not chargeable to her.
It is well settled in American jurisprudence, that the sovereign never pays costs. This doctrine, which is an essential elefnent of our system of government, was recently recognized by us in the case of the State vs. Succession of Taylor, 33 An. 1271.
The motion to dismiss is, therefore, denied.
On the Merits.
The motion to quash the information was predicated on two grounds:
1. That at a previous term of the Court an indictment against the same accused, on the same charge, had been quashed on his motion, on the ground of the unconstitutionality of the Statute denouncing the offense.
2. That Act No. 8 of the Extra Session of 1870, under which the charge was made, is unconstitutional, as violative of Art. 114 of the Constitution of 1868, which required that every law should express its object or objects in its title.
We are not informed by the record which, or whether both, of those grounds were maintained by the District Judge, but, in our opinion, both are untenable.
*981 First. As conceded by counsel for tlie accused, the first ground of • his motion is substantially the common law plea of “ autrefois acquit," and the essential element of its success is that the accused has once been tried on the charge presented against him. The trial must have settled the guilt or innocence of the accused, in order to justify either the plea of “ autrefois, convict ” or “ autrefois acquit," which cannot avail the accused if the indictment has been quashed and set aside, .on a question of law merely. State vs. Hornsby, 8 R. 583; State vs. Walters, 16 An. 400.
Now, as indicated in that portion of this opinion, considering the motion to dismiss, it appears that the judgment appealed from was not the result of a trial of the accused as to his guilt or innocence of the charge contained in the information, and that such was the case in the previous judgment of the court, quashing the indictment against him on the same charge. Hence, the first judgmentcannot be held as a bar to the prosecution of the accused under the same charge.
Second. The Statute, charged to beunconstitutionalis entitled, “An Act relative to crimes and offenses,” and it denounces several acts as crimes and offenses in law, and prescribes the punishment to be inflicted for each of said offenses.
As indicated in the title, the object of the legislator vms to provide for certain crimes and offenses, and that object is carried out in the body of the Act. True, the object could have been more artistically expressed, but the constitutional provision must not be strained to the extent of reproducing nearly the whole Act in the title, which would have been the case under the construction of defendant’s counsel, if every crime and every punishment denounced had been specifically referred to in the title of the Act. The Act treats of no other subject but crimes and offenses, and that is covered by tl.ie title.
Courts of this State have always been, and must always be, very loth to declare unconstitutional the acts of a co-ordinate branch of the. government.
As said by Chief Justice Marshall, in 6th Cranch, 87 : “ It is not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the Constitution and the law, should be such that the Judge feels a clear and strong conviction of their incompatibility with each other.”
Such is the rule which has guided our predecessors of this Court, and we shall not depart from their teachings. 2 M. 12; 5 R. 404.
Under this rule of construction, a Statute entitled “ An Act relative to slaves, and which treated of crimes committed by slaves, and pre-. scribed penalties therefor,” was declared not to conflict with a similar *982 constitutional provision in the Constitution of 1852. State vs. Henry, 15 An. 297. See also, 12 An. 195; 13 An. 400.
It is, therefore, ordered that the judgment appealed from he annulled, avoided and reversed ; audit is now ordered, that the motion to quash the information filed in the lower court against Miles Taylor, he overruled, and that said information be reinstated on the docket of said c.ourt, for trial according to law.